John Lopato for the appellant, H.J. Weiland. With me, Your Honor, is my co-counsel, Attorney Richard Voll from New Jersey, and to his right is Captain Weiland, the former pilot for American Airlines. I'd like to reserve five minutes for bottle time, Your Honor. This is an age discrimination case, Your Honor. One of the nation's top pilots who worked for American Airlines more than 20 years and who was, at the height of his profession, a Czech airman who would evaluate other pilots' proficiency. He was also a line pilot. He was the victim of age discrimination merely because he was born on December 7, 1947. Now, the background to the discrimination is, since 1959, there was a regulation put out by the Federal Aviation Administration that said pilots for 14 CFR Part 121, they're the big commercial passenger and some freight carriers, had to stop piloting for those aircraft when they reached age 60. It was not a mandatory retirement rule. It was not a termination rule. Some of the pilots got other jobs with the carriers and it didn't affect their qualifications or licenses or certifications to fly aircraft. That rule has a very poor pedigree before this Court. This Court in the Boeing case from 1988 that we cite said that the FAA, who administered the rule, never had any basis to make this rule a bona fide occupational qualification case. I have two questions I would like to ask you about this. First, what was the purpose of Exception 1 and who was it designed to cover? That's my first question. It was designed to cover the persons that fit into its textual meaning, persons in the when the amending statute passed. The amending statute was entitled the Fair Treatment for Experienced Pilots Act and persons who were required flight deck crew members, meaning that were subject to the safety and licensing requirements of the FAA. Both of those are satisfied by Captain Whelan. What is a required flight deck crew member? Who's included in that classification? It's not defined in the statute, Judge Reinhart, and we argued vigorously for a plain meaning rule interpretation of that doctrine. The district court declined to reach it because they said this case is over merely because Well, who is it? I just don't know how congressional staffers came up with that language. Who did it? Is it? Your Honor, the background of the statute is, and that's an important point, it's not the product, as my opponent says, of some elaborate decision making with a complete legislative history and full deliberation. That bill that ended up being the FATIPA statute in December 2007 was a special interest piece of litigation written by a union that had always promoted the age 60 rule as a jobs act. What is a flight deck crew member? A flight deck crew member was in exhibit excerpt record 198 was defined by the FAA as a person who is subject to the safety requirements of a pilot and who is subject to being evaluated by a test pilot, a check airman, just like Captain Whelan was. That's who is a required flight deck crew member for each particular aircraft. Is there a disagreement between you and your opposing counsel as to whether a pilot is a flight deck crew member? There could be none, Your Honor, because the FAA used the pilot as the gold standard to determine who is a flight deck crew member. So there could be none. But my opponent didn't have to address that point because I understand. I mean, you're free to proceed with the argument. I just had two questions. And one was what a flight deck crew member is. And your answer is that a pilot is included in that. In fact, as you say, is the gold standard. So you can proceed with your argument. As the pressure from the international community and in this country mounted in 2007, it became clear that the age 60 rule was going to be changed. Captain Whelan was facing a December 7, 2007, 60th birthday coming. And as that date approached, he knew legislation was being drafted and hurriedly rushed through Congress without any committee hearings, without any committee reports. It was passed over a three-day period in December 2007. In October, in November, and again in December, he made four communications with his employer saying, I understand there's legislation that will cease the effectiveness of the age 60 rule and it will entitle persons in the employment of the carrier, like I am now in November and December, to continue flying with uninterrupted seniority to age 65. He got no answer from his employer and faced with the age 60 rule that hadn't been abrogated yet, the carrier stopped scheduling him for his pilot and check airman duties on his 60th birthday, December 7, 2007. Now he looked at that and said, that ends the case. He's not in the employment of the carrier anymore and dismissed our age discrimination count. That is not correct because, and the court should reject that and reverse that, because the text of the FATIPA law says, first of all, that the age 60 rule shall cease to be effective. Not just repealed, but shall cease to be effective, is the text, meaning it could have no penalty effect, no lingering As of December 13th. As of December 13th. After December 13th, there was a new law that said pilots could fly, serve as pilots in these Part 121 carriers until age 65. Now, the statute had an exception for, it was not retroactive, but it had two exceptions. One exception was the one we're most concerned with here. If the We're concerned only with the one exception, correct? Yes. If the carrier, if the pilot was in the employment of the carrier as a required flight deck crew member on the enactment date, he could continue serving as a pilot with uninterrupted seniority to age 65. And because the phrase in the employment of was not defined in the statute, nor was required flight deck crew member defined in the statute, not defined in FATIPA and not defined in the Railway Labor Act that it amended, that's where the guidance of the Supreme Court in the nationwide v. Darden case comes into play. That Supreme Court case reminded litigants that where employment is not defined in a statute, you go back to common law agency rules or pension plan terms within the setting, and that's how you define an employment. Now, that's important because in that period when Captain Whalen made those four communications to his employer, that's in Record Excerpt 68, referring to Paragraphs 51 and 52 of our complaint, he laid out his request in detail. He said, I am the employee. I am asking the master, the employer, for guidance for my assignment. I am ready, willing, and available to work. What are you going to do about this new statute? Now, Judge Selma, the District Court judge, made one helpful comment to this Court about that period. He said, and this is on page 7 of the first volume of the Record Excerpt, he said, in an unusual set of circumstances. Now, that's the seven days. Pardon? The six or seven day birthday. No, that and a change in a 50-year-old labor rule that was now ceased to be effective. Both the employer and the employee needed guidance and had questions. And we document very carefully and cite to the Record Excerpt, which is page 202 of the bigger volume of the Record Excerpt, how American Airlines stalled and never responded to this inquiry from one of its top Czech Airmen pilots. And finally, on December 24th, said, we aren't going to honor your request to keep serving as a pilot Czech Airman and you're terminated as of that date. He never got any... Terminated as of what date? December 24th. And we argue that meant that his... May I just ask you now, how much time do you want to save for rebuttal? Five minutes. You've now got four minutes. Oh, I'm into my rebuttal time? No, no. Well, if you want to stop now, you can have five minutes. Otherwise, you'll get what's on the clock. Make a good deal. Sit down. Thank you, Your Honor. Good morning, and may it please the Court. R.J. Hendricks with Morgan, Lewis & Bacchus on behalf of Respondent American Airlines. Do you have much doubt as to whether the plaintiff was in the employment of American Airlines? I have no doubt that he was not in the employment of... Not in the employment as of when? He was not in the employment of American Airlines as a required flight deck crew member. No, no, just in the employment is the first question. Oh, in terms of just employment, he was still on the books as of... As an employee. As of December 13th. Okay. All right. Then your point is that he was not a required flight deck crew member as of that date? My point is that he was not in the employment of American in such operations on that date as a required flight deck crew member. That is correct. Because he was not being assigned. Because he was not being assigned, and not only he was not being assigned, he could not have been assigned as a function of the then existing law. That becomes the issue. And I think that the critical admission here... Well, in what employment was he in with American Airlines? Had... he was not performing services. Yes. He was not performing... If you take the common law definition of performing services, he was not performing services. He was an employee. He was on the books. He was an employee. Why do you keep saying on the books? That's not my question to you, was he on the books? My question is, was he an employee? He... Yes, he was an employee. He was on the books still as an employee. I don't know why you keep insisting on the books. Because... I want to know whether he was an employee. An employee provides service. He was not providing... Yes or no to the question, was he an employee? Yes. Okay. As I've indicated, we did not fire him at that point in time. No. Had he been reassigned different duties, he could have performed them. He was eligible to reapply for different positions. So in terms of this notion of an adverse employment action of ending his employment, we didn't do that. But the question here regarding whether the exception applies is not whether he's in some capacity either on the books or in some capacity employed. The question is... His capacity is on the books. The question is, is he in the capacity as a required flight deck crew member? That's the issue. And... Let's forget required for a moment. Okay. All right. Was he in the employment of American Airlines as a flight deck crew member as of that date? No. In what capacity was he in the employment of American Airlines? He was an inactive employee. He was not performing any specific service. Was he being paid? He was not actively being paid. I think that all of his... What do you mean he wasn't actively being paid? I don't know why you ask it so difficultly with the questions. Was he being paid? Your Honor, the issue is this. He was not being paid for performing any services of a required employee. Was it a gift? What's that? Was it a gift? He wasn't performing any services. Was it a gift? No. He was being paid as an employee. Not actively paid as an employee? No. Not actively paid or not paid as an active employee? He had performed services. Whatever pay he was due and entitled to for those services, he would receive. But he was not actively performing services for us at that time. So was he paid for the period from his birthday to the end of the month? He would have been covered for that payment. That's correct. So he was paid for that period? Sure. As an employee? Yes. OK. Can this case turn on something as narrow as the definition of, excuse me. I've lost my page. Excuse me. I'm cutting into your time. I apologize. Excuse me. Go on. My point is the admission contained in plaintiff's brief, I think, is critical to this. He states on page 27 of his brief, the complaint was careful not to challenge the hulking or scheduling of Captain Whelan for piloting or check airman duties on his 60th birthday. This was a lawful, though temporary practice, mandatory, and unconstitutional practice. It was mandated by the then in effect age 60 rule. That admission is critical to this case because it speaks to the issue of what his status was. He was not active in the employment of American in the capacity of a required flight crew member as of that date. And that was as a matter of law. The immunity created by the FATIPA statute says that acts taken by American in conformity with the then existing law cannot form the basis of a lawsuit. And he's conceded that our actions were taken in conformity with the then existing law. Your Honor, you asked a question at the outset, and that is to who was Section A intended to apply. If you accept the petitioner's view of it, that it applied to him because he at one point was a pilot, it makes the non-retroactivity provision illogical. It says, under his view, it won't apply to anyone who reached the age of 60 before the enactment unless they reached the age of 60 before the enactment and was a pilot. Okay? That makes no sense. He's conceded that as of the 13th, December 13th, when the FATIPA was enacted, he was not in service, he was inactive as that period of time, he was not performing services as required by the exception as a required flight due crim member, and more importantly, he concedes that was lawful. He concedes that it was lawful. That's his admission. Okay? So when you ask the question, as of the enactment, what was he doing, what was his state with the company, whatever it was, it was not as required by this exception in the employment of American in such operations on that date of enactment as a required flight due crim member. Well, he was a, he said he was inactive status as a flight crew member. He said he wasn't inactive status. He was inactive. He was not active. All right. He was an inactive flight crew member. Yes. Okay. So the question is whether, assuming you're correct that his status was inactive flight crew member, then the question is, does this exception, who is, he was in the employment of the carrier, and he was a flight crew member, but inactive status, and the question is, does the exception cover that? And the answer is no, because the reason for the inactivity pertain to the fact that he had reached the age of 60 prior to the enactment of the statute. That may be. I don't know quite what the purpose was, and that's what I was asking first. Who was this group supposed to exempt from clause from one? Who was group A? Who was to be in group A? What was the purpose of that exemption? You had individuals who could have been flight engineers, for example. Yeah. These are people who could have at one point been pilots. They understood that they would have to no longer serve as pilots at the point they turned 60. They then transitioned into positions such as a flight engineer position. But not an American. But not an American. Not an American. That required, that allowed them to be a required, that person. And so what this is really saying is, for those people who were once pilots, who may have transitioned prior to 60 into a different position, that allowed them to maintain their status as a required flight deck crew member, okay, they didn't have to stop being that. And they could... Now, wait, wait. These are people who are not an American? Yeah. The law is general. The law is not specific to American. But there are airlines. The exemption talks about in the employment of that carrier. Isn't that American? Yes, Your Honor. But you're saying now that if you are an American, it doesn't cover you? No, that's not what I'm saying, Your Honor. Well, these are people who are an American then. The statute applies to all air carriers. I know. But as far as American is concerned, what exemption would you have? You say flight crew members, people who were pilots but now flight engineers. With respect to American, because of the way that an ex-chair, ex-check airman's position is defined as being a pilot, that would not be available to Mr. Whelan. So Exception A really doesn't apply to anybody? Not at American. Not at American. But from the concept of... No, I understand. Yeah. At American, it doesn't apply. And does it apply to most other air carriers? I couldn't speak to most. The only one I'm aware of would have been Continental, who had a definition of check airman that did not require them to be a licensed pilot. Or... Under your version, Exemption A is not really intended to apply to anybody generally for the major airlines, except maybe Continental. That's not my position. I can't fully tell you everyone. I know that there are some carriers that had engineer positions, you know. But whoever it was intended to apply to, that was the function of Congress when they enacted it. But you don't really know who it was intended to apply to. I believe it was intended to apply to that category of required flight deck personnel that wasn't necessarily a pilot and was not functioning as a pilot, but still was satisfying that definition of required flight deck personnel, such as an engineer. Of course, that was becoming technologically obsolete. It was becoming that way, but there still may be people who were a part of that group that, for whatever reason, Congress intended to cover. And there could be other check air positions, such as Continental, that was not as obsolete, that had a different definition of what it was to be a check airman, and they could have received the benefit of this provision as well. I'm sorry. The question I fumbled before was, can this case turn on if we find that Mr. Whelan, the phrase that air carrier in such operations applies to Mr. Whelan, does that end the case without going into the employment issues and required? No. I think you have to go further into this as a required flight deck crew member. I think that you have to read it in context to both of those. I think both of those provisions within it make clear that it's not some sort of technical, you're on the books yet, haven't been processed out. You have to be functioning in that capacity. And Mr. Whelan, as of the enactment of the statute, was not in that capacity and could not have been in that capacity by virtue of the statute. And again, I come back to the point in his own brief. He says that when he was halted from performing those services of piloting or check airman, and this is critical, he says both as a pilot and as a check airman, that it was lawful under the then 860 rule for Americans to suspend him from operations. That's his admission. In this case, he's trying to make some argument that because he had this status as a check airman, that should have exempted him in some capacity, that he wasn't subject to it. But that's not what he says in his brief. In his briefing, he specifically makes reference to the practice of removing him from the schedule, making him inactive, all taking place before the enactment of the FATIPA, was lawful. Was lawful. And again, that's on page 27, continuing to page 28 of the brief. It seems to me your argument clearly comes down to what I suggested to you earlier, that the word being in employment means inactive employment as opposed to being in employment, but in a passive status because you can't perform that job. He's being paid in his capacity as a pilot, but he's not allowed to perform the services. So your position is that, yes, he meets the term employment as a flight crew deck member, but that he's in a passive status. Which, important, is also tense, okay? The compensation that he received for that period was for past services. He was not, as of his 60th birthday, as a matter of law, allowed to provide services in that capacity. In that capacity. As a matter of law. No, I understand that. Under his collective bargaining agreement, what compensation, what was compensation provided for? If he went a month without flying, was he compensated? Off the top of my head, Your Honor, I don't believe that he was. That's my understanding. That's my recollection speaking here. But what I can say is whatever compensation he received during this period between his birthday and the end of that month was not for services rendered since his birthday to the end of the month. It was for past services when he lawfully could have performed those services. But counsel, Judge Gould, if I could interject a question, please. Is it the position of the airline that to be a required flight crew member, that to be required, you have to be in active service? So that he may have been a flight crew member, but he wasn't a required flight deck crew member at the time of the statute? That would be correct, Your Honor, inasmuch as the exception includes the language in such operations and it includes the phrase as a required flight deck member. So when you add all of the language reading it in context, it is speaking to actively providing those services. And the reason why he was not providing those services or performing that function was a function of the age 60 law prior to the enactment of the FATIPA. Let me ask you a question about required. He's in the employment of the company as a required flight crew deck member. Is there such a thing as a mandatory flight crew member such as this is the category of flight crew members you are required to have? Well, with respect to, you know, depending on the nature of the aircraft, you know. Yes. So what I'm asking you is, does the term required flight crew member help you define what personnel this covers? Doesn't required flight crew member mean certain categories of employees? Again, that particular phrasing is not defined. Just by way of practice, again, there are certain flights and certain planes that had engineers that were required flight deck crew members. Under certain circumstances, pilots and other folks can be. But in the context of this particular statute with the non-retroactivity provision, Mr. Whelan was not as of the enactment of the statute. You want to tell me always what Mr. Whelan is. And I'm trying to find out what the words mean. The words required to me seems to tell you who we're talking about. Required flight crew type members or deck crew members may be, as you say, on one category of aircraft, a pilot, an engineer. On another category of aircraft, it may be pilot, copilot, for all I know. And it may depend upon the regulations and the rules of the particular airline. Right. That's correct. Okay. So that's what required helps us know what categories of people we're talking about. Okay. I just want to make sure I understand. As a matter of statutory construction, whatever required flight deck crew member may mean, it cannot include pilots because of B, because of the second exception. Correct. You're saying the term required flight crew members does not include pilots? If you're asking it as a matter of statutory construction. Yes. A pilot is not a required flight crew member? In terms of what this statute is referring to, the statute defines the treatment of pilots. Your Honor, I misunderstood your question. You say you define required flight crew member as excluding pilots? Your Honor, I misunderstood your question. I answered your question initially from the standpoint of just a practical, when you asked me who do you need to have to fly a plane. In the context of the statute and statutory construction and how it's being defined, the statute is very specific with respect to the treatment of pilots. I don't believe that the statute is intending to have pilots fall within that definition of required. Required flight crew members does not include a pilot. He's not one of the required flight crew members. Construing this statute, I don't believe that section applies to pilots. Well, I find that a bizarre construction, I can tell you. The statute is specific as to pilots. I know, but it may be specific as to pilots, but I don't see how you read required flight crew member as excluding pilots. Well, let me say one step further. Even if you were. No, I don't want even if you were. I just want to get the definition of what a flight crew member is. And you say a flight crew member is a lot of incidental people, but not a pilot. And if a pilot isn't a required flight crew member, as I think somebody said in your other circuit, God save the passengers. Well, Your Honor, with respect to this, I think the way the statute is defined with the specific language in section B, specifically dealing with pilots, and the phrase as a required flight deck crew member, again, I don't believe that could include Mr. Wooten. That's a different argument. Your argument I understand, that when you're on inactive status and you can't fly, you're not what's covered by this. I understand that. I don't understand saying that a pilot is not a required flight crew member. I hear what you're saying. And as I said before, from a lay sense, that may make better. Not a lay, from a lawyer's sense, or a judge's sense. From a statutory construction sense, I don't think that that particular section was intended to apply to pilots. I don't know what was intended to apply. There were no hearings. There was nothing. You've got a letter from the Chairman of the House Committee, which is a little confusing, to say the least, but says pilots were intended to be covered, if you can make this sense out of the letter. But you don't have anything to tell us what the history of this bill is, what Congress intended, if it intended anything. I go to one of the first points that I made. To the extent that you were to include pilots in that definition as a retroactivity provision would make no sense. And because it would make no sense, I don't think it can be construed in that way. I don't see why it would make no sense. No, again, let me just, it is bizarre, but it would make the second exemption surplusage as well. Exactly. Exactly. Let me ask a final query, even though we may have taken you over time with our QA weighed in on the interpretation of this exception. Like, are there any amicus briefs in the record from the federal agency that says what they think about it? There are no amicus briefs from the federal agency saying what they say about it. At one point, they issued a letter. They then retracted that letter and said, it's not for us to get involved in that particular interpretation. That must be left up to the particular carriers and their contractual arrangements. Thank you, counsel. All right. If we keep you over time, we'll keep you over time also. Your Honor, not even the district judge tolerated this discussion of flight engineers. The district judge cut off argument when the employer was stumbling, trying to say who would solve their nullification problem when he mentioned flight engineers. And we cited the page of the hearing where the district court judge said, I don't want to hear about flight engineers. But the fact of being on the circuit court as a district judge is that we could affirm on any ground. And the district court or the flight engineers, as this circuit knows, that had the Western Airlines v. Criswell case where damages were awarded when Western Airlines tried to apply the age 60 rule to flight engineers and they counterclaimed and had a damages trial. This circuit affirmed and the Supreme Court affirmed. We cite that in our brief. The age 60 rule never applied to flight engineers. They don't need any relief from this statute at all. And flight engineers would need months and months of retraining to come in under exception A. It's a complete mistake to even have a discussion about flight engineers in this case. Their argument leads to nullification. Now, the most important document that answers the questions of this court is in the record, and it will help Judge Gould too, is in the excerpt of record at 198, which was an information statement that Continental Airlines requested from the FAA in January. And we cite the date that's in another part of our brief when it was requested. Continental Airlines said, we have Czech airmen who are over 60. Unlike American, they let their Czech airmen keep serving after age 60, and we want to know if they're in the exception A. And the FAA issued a statement that defined how required flight deck crew members should be construed. It said it's based on being under the safety regulations and being subject to the safety rules of pilots, the gold standard of pilots, not this absurd argument that pilots are not included in required flight deck crew members. And they concluded that these Czech airmen were in the E1A exception. Now, we argued that that's an important finding by the only agency that administered the age 60 rule for 60 years, and we argued in our opening brief that there's Skidmore v. Swift law on this, and an important decision from this circuit in 2013 that we cited, the independent training and apprenticeship program, and they did not respond to it at all. And this is what this court said about an agency's pronouncement. Not Chevron deference, but an agency said, we in court, an agency's interpretation, a measure of deference proportional to the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements. The FAA went through the text of the E1A exception and said, where a person in question is subject to the safety rules of a pilot and has to undergo the line checks of a pilot, have somebody evaluating him, he is a required flight deck crew member within the E1A exception. Let me ask, again, I might be making it too simple. Clearly, as a lay person, and anybody looking at this, a required flight deck crew member would include a pilot, but as a matter of statutory construction, how can that be in light of exception two, which applies only to pilots? It seems to me that it must exclude pilots because pilots are specifically covered under the second exception. No, Your Honor. The second exception is for any person over age 60 who chooses to return to the Air Force. I read a letter from the Department of Labor about this Captain Whelan's veterans claim, which said that American Airlines had 1,600 pilots on furlough and were not hiring. The B exception strips pilots of seniority and makes them come in as new pilots. Now, the fact that Captain Whelan was able to work, was able to tell his colleagues, we fixed this age 60 rule, you pilots can all work to age 65. Well, that wasn't true at all. They could only work to age 65 if they sacrificed their seniority and came in as new pilots. It's not against American Airlines, it's not against the union. Right, but it's the background to the statute that Judge Reinhart was searching for. So you say that B is not for anyone who is currently employed, but is exempted under A, and B applies only to people who are newly hired after they've reached the age of 60. No, B is a fallback where persons who are over age 60, these Czech Airmen for Continental are a good example. They were 61 and 62 and they were serving as Czech Airmen, and when the statute passed, they can now work to age 65, but they said if we go under the B exception, we have to give up all seniority and come in as a new hire and the FAA in its analysis. Where in your brief do you discuss the FAA analysis? Your Honor, throughout our brief. We have where we discuss the Skidmore B Swift analysis that should be afforded it, 16 and 17, and in our blue brief, and in our reply brief, we discuss the only thing, we fault them for not answering our Skidmore B Swift argument and the Independence Apprentice Program case from this circuit. The only comment they made about the FAA statement in March was, oh, it was taken down after a little while. Well, it's entitled to the logic and analysis and deliberation that's evident in the statement, but it goes through the requirements for what a required flight deck crew member would consist of. Did they withdraw the statement? It eventually was not posted on the website, but that doesn't detract at all from it. Did they say anything? No, they did not express any negative connotation, and Continental relied heavily on it, and all these 61 and 62-year-old Czech airmen were allowed to come back into the workforce under exception. Counsel, I have a question about that, please. Would it be open to us to order the FAA to give us an amicus brief if we wanted to be informed by their judgment on the legal issue about this exception? It would be open to you, Judge Gould, but the FAA, even in this March statement and on Record Excerpt 199, said, you know, this is as far as we can go on this E1A exception, because it's a... I understand that, but what's in a statement like that, which, you know, may be generated by someone who's some executive working at the FAA, isn't necessarily what the FAA would say as a Federal agency with advice of their counsel. You know, if we asked them to give us a brief. I suspect their reply would be, this is a labor relations issue and no longer a safety issue. Once the age 65 rule replaced, the age 65 statute replaced the age 60 rule, the FAA's safety interest in the matter essentially evaporated. We'd have no objection if the court did that, but I suspect that would be their reply. The text of the statute that we cite under the Taniguchi case that also came out of this circuit, and under cases applying Taniguchi and the plain meaning rule, the text of the statute is sufficient to decide this case in our favor and reverse the district court judge. I'm still hung up by this exception, the second exception. Why would any pilot apply under B when he could apply under A because he would lose his seniority? Why doesn't B apply to all pilots? No, because they have to be in the employment. The pilots have to be in the employment. There's no floodgates here. Only the December pilots who were still in the employment of the carrier on December 13th could apply. No pilots anywhere in the country that, it was only the December pilots, they lacked that in the employment of. So B applies to pilots who are not newly hired, who were in the employment of the airline at the time of the accident. There are pilots who, someone who was a pilot, say, turned 60 in 2006, and he's either working for a foreign carrier or doing something else. Now he can work for a domestic carrier to age 65, and he can return to that carrier, but as a new hire, with no seniority. A few pilots anecdotally apparently did that to get some pension years, but as a practical matter, American, not one did. Thank you, counsel. Thank you. Okay, the case just argued will be submitted. Thank you both.
judges: Motz, Reinhardt, Gould